UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

AMERICAN FAMILY LIFE ASSURANCE
COMPANY OF NEW YORK,

                                Petitioner,

            v.

BAKER ET AL,

                                Respondents.

**MEMORANDUM AND ORDER**
17-CV-7054 (LDH) (RLM)

LaSHANN DeARCY HALL, United States District Judge:

      On December 4, 2017, Petitioner American Family Life Assurance Company of New York ("Aflac NY") filed a three-count petition for: (1) an order to compel an arbitration proceeding pursuant to 9 U.S.C. § 1, *et seq.* ("Federal Arbitration Act") against Respondents Frederick Baker and Louis Varela; (2) declaratory judgment that the arbitration provision contained within Respondents' Associate's Agreement (the "Agreement") is enforceable; and (3) an order of reference to determine reasonable attorneys' fees. (Pet. Comp. Arb. ("Pet."), ECF. No 1.) On June 4, 2018, the Court found the Agreement enforceable and compelled the parties to arbitrate in accordance with the Agreement, but denied Petitioner's request for an order of reference to determine reasonable attorneys' fees. (June 4, 2018 Order.) Respondents timely appealed. (ECF No. 19.)

      By summary order, the Second Circuit vacated the Court's June 4, 2018 Order and remanded for consideration of Respondents' argument "that the Agreement is substantively unconscionable because Paragraph 10.7 of the Agreement bars sales associates from pursuing certain state and federal statutory claims against Aflac NY." *Am. Family Life Assurance Co. of New York v. Baker*, 778 F. App'x 24, 28 (2d Cir. 2019) [hereinafter "AFLAC"]. As the Second

Circuit noted, this argument was not previously raised before this Court.[1]  *Id.*  Consistent with the Second Circuit's mandate, this Court now considers Respondents' substantive unconscionability argument below.

## BACKGROUND

Respondent Baker and Respondent Varela entered into the Agreement with Aflac NY on November 14, 2014 and April 17, 2014 respectively.  (Decl. of Jeff Arrington ("Arrington Decl."), Ex. 1 at 24, ECF No. 1-6; *Id.*, Ex. 2 at 24, ECF No. 1-7.)  The Agreement is governed by New York contract law.  *AFLAC*, 778 F. App'x at 26.  At issue on remand is Paragraph 10.7.1 of the Agreement between Petitioner and Respondents, which reads in full:

> Limitation of Claims and Remedies. With the exception of a claim that is based upon misconduct by Aflac that is willful, malicious or fraudulent, any claim or action by Associate based upon any act, error or omission by Aflac or any of its past or present officers, directors, employees, associates, coordinators, agents or brokers shall be limited to a claim for breach of contract and the remedies and liabilities arising thereunder.

(Arrington Decl., Ex 1 ¶ 10.7.1; *Id.*, Ex. 2 ¶ 10.7.1.)  In briefing, "Aflac states for the record that it will not assert in the future—here or in arbitration—that the limitation of liability language in Paragraph 10.7.1 is a defense to Respondents' Draft Complaint."  (Pet. Supp. Br. Remand ("Pet. Supp. Br.") 3, ECF No. 25.)  In other words, Petitioner has waived this provision.  The Court otherwise assumes the parties' familiarity with the facts of the case.

## STANDARD OF REVIEW

Arbitration agreements are contracts, "on equal footing with other contracts," and courts must "enforce them according to their terms."  *Rent–A–Center, West, Inc. v. Jackson*, 561 U.S. 63, 67 (2010) (internal citations omitted).  "The threshold question of whether the parties indeed

---

[1] On remand, each party was given the opportunity to submit supplemental briefing not to exceed 10 double-spaced pages, exclusive of tables of contents, tables of authorities, appendices and attachments.  (August 7, 2019 Order.)

agreed to arbitrate is determined by state contract law principles." *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 229 (2d Cir. 2016). "Generally applicable contract defenses, such as fraud, duress, or unconscionability, may be applied to invalidate arbitration agreements in accordance with § 2 of the FAA." *Nayal v. HIP Network Servs. IPA, Inc.*, 620 F. Supp. 2d 566, 570 (S.D.N.Y. 2009) (internal modifications omitted) (quoting *Doctor's Associates, Inc. v. Casarotto*, 517 U.S. 681, 687 (1996)).

"In the context of motions to compel arbitration brought under the Federal Arbitration Act . . ., the court applies a standard similar to that applicable for a motion for summary judgment." *Bensadoun v. Jobe–Riat*, 316 F.3d 171, 175 (2d Cir. 2003). In doing so, the court must draw all reasonable inferences in favor of the non-moving party. *Nicosia*, 834 F.3d at 229. "If the party seeking arbitration has substantiated the entitlement by a showing of evidentiary facts, the party opposing may not rest on a denial but must submit evidentiary facts showing that there is a dispute of fact to be tried." *Oppenheimer & Co., Inc. v. Neidhardt*, 56 F.3d 352, 358 (2d Cir. 1995). A trial is necessary "[i]f there is an issue of fact as to the making of the agreement for arbitration[.]" *Bensadoun*, 316 F.3d at 175.

## DISCUSSION

Petitioner argues that its irrevocable waiver of Paragraph 10.7.1 renders Respondents' argument for substantive unconscionability moot under the Second Circuit's decision in *Ragone v. Atlantic Video*, 595 F.3d 115 (2d Cir. 2010). (Pet. Supp. Br. 2–5.) The Court agrees.

In *Ragone*, the court evaluated an arbitration agreement under New York contract law. 595 F.3d at 121. At issue there were two provisions of an arbitration agreement—a 90-day limit on time to file any demand for arbitration and a fee-shifting provision—that an employee argued were substantively unconscionable. *Id.* at 123. The court found that "[b]ecause unconscionability is an equitable defense to the enforcement of harsh or unreasonable contract

3

terms, a party cannot complain when the defendant through its waivers declines to enforce any potentially unconscionable term." *Id.* at 124 (internal citations omitted). Indeed, "New York courts have accepted offers by parties to waive the enforcement of certain provisions of arbitration agreements, and have evaluated those agreements as modified by the parties' after-the-fact waivers." *Id.* The *Ragone* court accordingly upheld the district court's enforcement of the arbitration agreement in light of the employers' waiver of the allegedly unconscionable terms of the arbitration agreement. *Id.* at 125.

District courts in this circuit applying *Ragone* have found that a waiver of unconscionable terms cures any potential defect in the enforceability of an arbitration agreement. *See Moton v. Maplebear Inc.*, No. 15 CIV. 8879 (CM), 2016 WL 616343, at *8 (S.D.N.Y. Feb. 9, 2016) (holding that "[s]ince Defendant has expressly waived the fee-splitting provision and forum selection clauses, those provisions are severed from the Agreement [and] [t]he arbitration clause as a whole remains enforceable"); *Salzano v. Lace Entm't Inc.*, No. 13 CIV. 5600 (LGS), 2014 WL 3583195, at *2 (S.D.N.Y. July 18, 2014) (finding that the "the Contract is not unconscionable because Defendants have waived the provisions that otherwise would have made the agreement substantively unconscionable").[2] This Court sees no reason not to follow suit.

The waiver of Paragraph 10.7.1 renders arguments about whether the provision is substantively unconscionability moot. Paragraph 10.7.1 has been effectively severed from the Agreement and the Agreement is enforceable.[3] *See Ragone*, 595 F.3d at 125 ("[W]e can enforce

---

[2] As the Court is bound by the Second Circuit's holding in *Ragone,* the Court declines to consider Respondents' out-of-circuit authority on this point. (*See* Resp'ts' Supp. Br. Remand ("Resp'ts' Supp. Br.") 10–13, ECF No. 23.)

[3] Respondents' argument based on dicta in *Ragone*, in which the Second Circuit indicated that it might not have upheld the arbitration agreement if defendants had sought to enforce the provisions at issue on appeal, is wholly unhelpful as Petitioner has waived the enforcement of Paragraph 10.7.1 entirely. (*See* Resp'ts' Supp. Br. 13 (citing *Ragone*, 595 F.3d. at 125).) There is no danger that Petitioner can rescind its waiver of Paragraph 10.7.1 due to the doctrine of judicial estoppel. That is, judicial estoppel "prevents a party from asserting a factual position in a legal proceeding that is contrary to a position previously taken by him in a prior legal proceeding." *Bates v. Long Island R. Co.*, 997 F.2d 1028, 1037 (2d Cir. 1993). As the Court has now accepted Petitioner's waiver, Petitioner may not

an agreement that modifies a provision that otherwise might be unconscionable. This remedy has been effected here by the defendants' waiver of [the potentially unconscionable] provisions.").

## CONCLUSION

For the foregoing reasons, the Petition is GRANTED in part and DENIED in part. Respondents shall individually arbitrate all claims in the Draft Complaint, including statutory claims asserted under federal or state laws. Petitioner's request for an order of reference to determine reasonable attorneys' fees, however, is DENIED.

SO ORDERED.

Dated: Brooklyn, New York  
      March 31, 2020

/s/ LDH  
LaSHANN DeARCY HALL  
United States District Judge

---

argue as a matter of fact in future proceedings that Paragraph 10.7.1 is in fact part of the agreement. *See, e.g.*, *Bihn v. Connelly*, 162 A.D.3d 626, 627, 78 N.Y.S.3d 243, 244 (N.Y. App. Div. 2018) (Plaintiff judicially estopped from contending in a state court proceeding that he had an interest in a property because he had previously represented to a federal bankruptcy court that he had no interests in real property); *Ford Motor Credit Co. v. Colonial Funding Corp.*, 215 A.D.2d 435, 436, 626 N.Y.S.2d 527, 529 (N.Y. App. Div. 1995) (Plaintiff judicially estopped from arguing that a lease was not genuine instrument having previously taken the position that the lease was a genuine and enforceable obligation).